COPY

1   BUSINESS LEGAL PARTNERS
    Attorneys at Law, Law Corp.
2   Gregg A. Rapoport (SBN 136941), of Counsel
    E-mail:  gar@garlaw.us
3   135 W. Green Street, Suite 100
    Pasadena, California 91105
4   Tel.: (626) 356-8080 or (626) 585-0155 Fax: (626) 578-1827

5   Attorneys for Defendant
    ALLIED LUBE, INC.

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

10

11
    HOUSTON ASTROS BASEBALL            )   Case No.   SACV08-00783 DOC (ANx)
12  CLUB,                              )
                                       )
13          Plaintiff,                 )   NOTICE OF REMOVAL OF ACTION
                                       )
14     v.                              )
                                       )
15  ALLIED LUBE, INC., a California    )
    corporation dba JIFFY LUBE; DOES   )
16  1 through 10, Inclusive,           )
                                       )
17          Defendants.                )
                                       )
18  _____

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20       PLEASE TAKE NOTICE THAT Defendant ALLIED LUBE, INC.

21  ("Defendant") hereby removes to this United States District Court the state court

22  action described below.

23       1.      On July 14, 2008, Plaintiff HOUSTON ASTROS BASEBALL CLUB

24  ("Plaintiff") filed an action in the Superior Court of the State of California, County of

25  Orange, entitled HOUSTON ASTROS BASEBALL CLUB v. ALLIED LUBE,

26  INC.dba JIFFY LUBE; DOES 1 through 10, Inclusive, Case No. 00109177.   A copy

27  of the Complaint in the foregoing action is attached hereto as Exhibit "A".

28

-1-

NOTICE OF REMOVAL

1      2.     The first date upon which Defendant received a copy of said Complaint

2  was July 14, 2008, when Defendant was served with a copy of the Complaint.

3      3.     This is a civil action in which this Court has jurisdiction under 28 U.S.C.

4  §1332, and is one which may be removed to this Court by Defendant pursuant to 28

5  U.S.C. § 1441; in that, it is a civil action between citizens of different states and the

6  matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7  (See Exh. A - Complaint, ¶¶ 1, 2 and 6.)

8      4.     Complete diversity of citizenship exists; in that Plaintiff is alleged to

9  have "its principle [sic] place of business in Houston, Texas" (Complaint, ¶ 1), while

10  Defendant is alleged to be a California corporation with a place of business in the

11  State of California (Complaint, ¶ 2.)

12  Dated: July 17, 2008

                    BUSINESS LEGAL PARTNERS
13                      Attorneys at Law, law corp.

14

15                      Gregg A. Rapoport
16                      Attorneys for Defendant
                    ALLIED LUBE, INC.

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**

# SUMMONS
## (CITACIÓN JUDICIAL)

SUM-100

COPY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALLIED LUBE INC., a California corporation dba
JIFFY LUBE; DOES 1 through 10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HOUSTON ASTROS BASEBALL CLUB

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 14 2008

ALAN SLATER, Clerk of the Court

BY: N. DORFMAN , DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT FOR THE STATE OF CALIFORNIA<br>County of Orange<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>00109177 |

JUDGE CHARLES MARGINES
DEPT. C19

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David V. Skinner   SBN 123426      (949) 248-0260
Law Office of Skinner & Skinner
31461 Rancho Viejo Rd. #103
San Juan Capistrano, CA 92675

N. DORFMAN

DATE: JUL 14 2008    ALAN SLATER    Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit A

David V. Skinner SBN 123426
*LAW OFFICES OF*
**SKINNER & SKINNER**
31461 Rancho Viejo Road, Suite 103
San Juan Capistrano, CA 92675
(949) 248-0260 Fax: (949) 248-0332

Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 14 2008

ALAN SLATER, Clerk of the Court

BY: N. DORFMAN, DEPUTY

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

### UNLIMITED JURISDICTION

| | |
|---|---|
| HOUSTON ASTROS BASEBALL CLUB, | Case No.: 30-2008 00109177 |
| Plaintiff, | COMPLAINT FOR OPEN BOOK ACCOUNT; ACCOUNT STATED; BREACH OF CONTRACT |
| vs. | |
| ALLIED LUBE INC., a California corporation dba JIFFY LUBE; DOES 1 through 10, Inclusive, | THE AMOUNT OF THE DEMAND IN THIS ACTION IS OVER $25,000.00 |
| Defendant. | JUDGE CHARLES MARGINES DEPT. C19 |

Plaintiff alleges as follows:

### FIRST CAUSE OF ACTION

(Open Book Account)

1. At all times relevant plaintiff is a professional baseball club with its principle place of business in Houston, Texas.

2. That defendant ALLIED LUBE INC. dba JIFFY LUBE is a corporation duly formed and existing by virtue of the laws of the State of California with a place of business in the above entitled Judicial District.

////

////

*Complaint -- Common Counts*

3. Plaintiff is unaware of the true names and capacities of DOES 1 through 10, and therefore sues said defendants by such fictitious names; leave of Court will be asked to amend this Complaint to show their true names and capacities when known.

4. This action is not subject to Civil Code §1812.10 and/or §2984.4.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the defendants was the agent and the employee of each of the remaining defendants and doing the things hereinafter alleged, was acting within the scope of said agency.

6. Within four years past, prior to the commencement of this action, defendant became indebted to plaintiff on an open book account for a balance due in the sum of $120,000.00.

7. Demand has been made on defendants for said sum, but they have failed and refused and continue to fail to refuse to pay said sum, and the whole thereof is now due, owing and payable together with interest at the legal rate.

SECOND CAUSE OF ACTION

(Account Stated)

8. Plaintiff repeats and realleges paragraphs 1, 2, 3, 4, 5 and 7 of its First Cause of Action.

9. On or about July 1, 2007, there was an account stated by and between plaintiff and defendant, on which stated account the sum of $120,000.00 was agreed upon as the balance due said plaintiff from defendant, which sum defendant promised and agreed to pay.

THIRD CAUSE OF ACTION

(Breach of Contract)

10. Plaintiff incorporates herein by reference paragraphs 1 through 9 as though set forth in full hereat.

11. On January 5, 2007 plaintiff and defendants entered into a Sponsorship Agreement. A copy of the written agreement is attached hereto labeled as Exhibit "A".

////

12. Plaintiff has performed everything on its part to be performed under the terms of the written agreement.

13. The defendant herein, and each of them, breached the terms of the agreement by failing to pay the sum as agreed.

14. Although demand therefore has been made on said defendants, and each of them, for payment of the balance due and owing in the amount of $120,000.00, no part of said sum has been paid and there is now due, owing and unpaid said sum with interest thereon at the rate of 10% per annum from July 1, 2007, the full amount of which will be proven at the time of trial.

WHEREFORE, plaintiff prays judgment against the defendants, and each of them, as follows:

1. For the principal sum of $120,000.00 together with interest thereof at the legal rate from July 1, 2007;

2. For attorney's fees as allowed by law;

3. For all costs of suit incurred herein; and

4. For such further and other relief as the court may deem just and proper.

Dated: July 11, 2008

LAW OFFICES OF SKINNER & SKINNER

DAVID V. SKINNER

_____
David V. Skinner

*EXHIBIT "A"*



January 5, 2007

Allied Lube
c/o Ideaology (Attention: Louis Plotkin)
4223 Glencoe Avenue, Suite A127
Marina del Rey, California 90292

    In furtherance of our collective efforts to finalize our sponsorship relationship for the 2007 Major League Baseball season, the following represents our letter of understanding. If you are in agreement with the terms described herein, then this letter will serve as the entire sponsorship agreement between Allied Lube ("Jiffy Lube") and the Houston Astros ("Astros"). Therefore, the parties agree as follows:

**1. TERM** – Unless sooner terminated by the breach of a party hereto, the terms of this agreement are for the 2007 Astros regular season.

**2. TICKET BACKS** – Jiffy Lube will be entitled to advertise on the back ad panel on all point of sale (POS) ticket stock for the duration of the 2007 regular season. The POS stock is used for all single game sales; this includes group sales, box office sales, phone and internet sales that are picked up at Minute Maid Park Will Call. The content and nature of the advertisement or promotion printed on the ticket backs will require final approval by the Houston Astros.

**3. PROMOTION** – Jiffy Lube will be the "title" sponsor of one (1) premium promotional item during the 2007 regular season. The Jiffy Lube logo and the Astros logo will appear on the item. The first 10,000 fans in attendance will receive such item (item and date of distribution to be mutually agreed upon).

**4. IN STADIUM** – Jiffy Lube will sponsor the Astros first in-action pitching change in-stadium and one (1) lucky row will win a mutually agreed upon prize ($10 Jiffy Lube VIP card). Once the new Astros pitcher has been announced the P.A. announcer will acknowledge that "this pitching change has been brought to you by Jiffy Lube, the well oiled machine". The announcer will then make reference to tonight's lucky row as well as concluding with mentioning the offer on the back of the ticket stub (approximately :20 in length). The Jiffy Lube logo will appear on the color matrix of the scoreboard during the "live" read.

**5. CONCOURSE ADVERTISING** – Jiffy Lube will receive a minimum of six (6) inverted advertising rotations during all regular season home games of the 2007 season. Each image will be projected for thirty (:30) seconds in four (4) different locations on the main concourse at Minute Maid Park.

**6. SEASON TICKETS** - Jiffy Lube will receive four (4) field level tickets for the 2007 season.



**7. COMPENSATION** – As consideration for the rights and benefits granted Jiffy Lube in this letter agreement, Jiffy Lube agrees to pay $120,000 net in four (4) equal installments. Payment due net thirty (30) days.

| Schedule of Payments: | |
| --- | --- |
| $30,000 | due 4/1/07 |
| $30,000 | due 5/1/07 |
| $30,000 | due 6/1/07 |
| $30,000 | due 7/1/07 |

**8. TERMINATION** – In addition to termination for breach, this letter agreement may be terminated immediately by either party if the other party hereto: (i) becomes insolvent; (ii) makes a general assignment for the benefit of creditors; (iii) applies for consent to the appointment of custodian of any kind, whether in bankruptcy or other proceeding, with respect to all or any substantial portion of assets, and (iv) files a petition seeking relief under the United States Bankruptcy Code.

**7. MAJOR LEAGUE BASEBALL RIGHTS** – This agreement and any rights or exclusivities granted by the Astros hereunder shall in all respects be subordinate to each of the following, as may be amended from time to time (collectively, "MLB Documents"): (i) any present or future agreement ("MLB") entities or affiliates, or the member clubs acting collectively, or (ii) the present and future mandates, rules, Regulations, policies, bulletins or directives issued or adopted by the Commissioner or the MLB entities. The issuance entering into, amendment or implementation of any of the MLB Documents shall be at no cost or liability to any MLB entity or affiliate or to any individual or entity related thereto. Jiffy Lube is granted no sponsorship rights outside of Minute Maid Park. No rights, exclusivities or obligations involving the Internet or any interactive or on-line media (as defined by the MLB entities) are conferred by this Agreement, except as are specifically approved in writing by the applicable MLB entity.

**8. MISCELLANEOUS:** The rights granted hereunder are subject to the Stadium Lease Agreement and the License Agreement between the Astros and the Harris County–Houston Sports Authority and the letter agreement dated May 1998 from Sports Facilities, L.P. to the Astros. The agreement may not be assigned or amended without the written consent of the Astros. The Astros trademarks, logos and designs shall remain the property of the Astros and Jiffy Lube is not licensed to use such property. This agreement shall be governed by the laws of the State of Texas (exclusive of conflicts of laws principles.)

If you are in agreement with the terms set forth in this letter agreement, please have an authorized officer of Jiffy Lube, or a representative of its agency of record, Ideaology, execute this letter in the space provided below and return the original to me. If you have any questions or comments, please feel free to call me at 713.259.8970. Thank you for your courtesy and teamwork.

Sincerely,

Christine O'Beirne
Sponsorship Development Manager

Jamie Hildreth
Vice President, Advertising Sales

Agreed to and Accepted by:
Allied Lube (c/o Ideaology)

By:

Name: Louis Plotkin (Ideaology) *Cary Sacks*

Title: *President*

Date: *1/24/07*

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

## NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

### Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact;
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | | FOR COURT USE ONLY |
|---|---|---|

Telephone No.:                          Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name):*                        Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92836-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

☐ Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐ Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                      California Rules of Court, rule 3.221
L1270 (Rev. February, 2008)

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is: Business Legal Partners, Attorneys at Law, Law Corp., 135 W. Green St., Suite 100, Pasadena, California 91105 (the "firm").

On **July 17, 2008**, I served the foregoing document described as follows:

**NOTICE OF REMOVAL OF ACTION**

on the interested party in this action by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing following ordinary business practices for the United States Postal Service, at Pasadena, California, addressed as follows:

**David V. Skinner, Esq.**
**Law Offices of Skinner & Skinner**
**31461 Rancho Viejo Road, Ste. 103**
**San Juan Capistrano, CA 92675**
**FAX: (949) 248-0332**

**MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **July 17, 2008**, at Pasadena, California.

By: _LeAnne Bagnall_
LeAnne Bagnall